Adams, J.
In this case it is sought to reverse the judgment of the court below, in which Zilch recovered damages for personal injuries which he claims were inflicted while in the employ of the company,on the 13th of January, 1893.
His claim is, that while he was in the employ of the company at that time, as a common laborer,and doing whatever work about the factory of the company that he was directed to; that he was engaged in helping about a machine - or a large pair of shears used for the cutting of steel bars. The injury he claims is that his leg was broken while so engaged, and he claims that' the defendant was negligent in various particulars, set up in the petition, among other things that this machine was defective in that the guard on it was defective, and that it was loose and worn so that there was a lateral or side motion of the upper knife or blade of the shears, so that in the cutting of steel, instead of cutting in a perpendicular line, the upper blade being loose moved to one side, and that necessarily threw the other, the further end of the steel bar either to one side, or threw it up, and that the ground where he was -required to stand *579 was lower than that inside of the building where the machine was situated; and he claims that there was not the requisite number of men engaged at the time he was hurt. He claims that all these defects of the machinery were known to t,be defendant, and unknown to him, and that by reason of these defects the accident occurred,and he was injured.
The answer makes certain formal admissions as to the organization of the company and the fact that the plaintiff was in its employ, and alleges that the plaintiff, Zilch, was a man of sufficient age and experience to know and understand, and did know and understand the said machine, its kind and construction, the character of the ground and premises thereabouts, and that, if the plaintiff was injured by the bar of steel, it was due to his own carelessness in handling the same,and not through any fault of the defendant.
There is a bill of exceptions here, which purports to set out all the testimony, although it appears, from an examination of this bill of exceptions, that at some point during the trial of the case, the jury, and perhaps a large number of the witnesses, or some of the witnesses at any rate, were taken to the premises of the defendant, and were shown this same machine as it was in operation at that time.
There are four assignments of error.
At the close of the plaintiff’s testimony the defendant moved for a non-suit on the ground of contributory negligence. The court overruled the motion and that is assigned for error.
They assign as another ground, that the verdict is not sustained by the evidence; and then it is claimed that the court erred in refusing to charge to the jury the eighth and ninth requests asked for by the defendant.
This motion for a non-suit, of course, calls for the application of the well settled rule in Ohio at what state of the trial the court is allowed to take the case from *580 the jury; and whether the question is raised by .a motion for non-suit, or a motion to direct the jury to return a verdict for the defendant, or by demurrer to the evidence,— the question of iaw presented is the same.
The rule as laid down in the case of Ellis v. The Life Insurance and Trust Co., 4 Ohio St. 628, is the well settled rule in Ohio, and it is said there that:
“Wherever there is any evidence, however slight, tending to prove the facts essential to make out a case for the plaintiff, a non-suit cannot be properly ordered; it is in no case a question as to the weight, but as to the relevancy of the testimony. If the testimony tends to prove a prima facie case for the plaintiff, a non suit cannot be properly ordered.’’
That is particularly the case where it is a question of negligence on the part of a defendant, or a question of contributory negligence on the part of the plaintiff; because, generally speaking, questions of negligence and of contributory negligence are mixed questions of law and fact, and they are peculiarly questions to be determined by a jury.
This motion for a non-suit is peculiar in this, that it is asked for simply on the ground of contributory negligence. There might be a case where the facts might be so clear, that no two minds would differ as to the conclusion to be drawn from the facts, and where the court would be justified in taking the case from the jury on the ground that the plaintiff’s testimony showed that his own negligence had contributed to his injury, and he could not recover in any event. But that would be an exceptional case.
Without attempting to make a very extended review of the testimony as set out in this bill of exceptions, we are of the opinion that there were witnesses, and a number of them, who testified as to how the machine worked; they testified as to the lateral motion of the shears; they testified *581 as to the condition the guard was in; they testified as to the condition that the guard and the machine were in prior to the time'the plaintiff was hurt. We have the plaintiff’s own testimony tLat he had no knowledge of the defective condition of this machine, and we think'that from all this testimony, the jury might well say that the plaintiff was not bound, by the exercise of ordinary care and prudence, to have known of the defects, from the mere fact that he was employed in that factory, and was occasionally called on to assist in holding these bars of steel when they were being cut; and that occasionally he was employed in wheeling away from this machine the billets of steel after they had been cut from the bar; and the circumstances surrounding the case, the facts shown as to how often the plaintiff worked about the machine — that there was nothing in those circumstances to show that the plaintiff must have known the defective condition of that machine. There was nothing about his employment in wheeling away the billets that would direct his attention to the defects in the working of that machine; so that we think that the court below very properly overruled the motion for a non-suit.
As I have said before, at some point in this trial, the jury and the witnesses were taken to the premises where this accident occurred, and in the testimony of the defendant’s witnesses it was shown that changes had been made, and repairs made in this machine; that the machine worked differently at the time of the trial from what it had worked at the time of the accident; that there was less of this lateral motion, and the cutting of the bars was more nearly in a straight line; and that there was less jar or inovement at the other end of the bar; so that in looking through all this testimony, we think that the evidence warranted the verdict. That is, it warranted the jury in finding that all the material elements necessary for a recovery on the part of the plaintiff, existed in fact.
*582 Now that brings ns to the other assignments for error— the exceptions taken by the defendant below to the refusal of the court to charge; there were but two of those.
The eighth is:
“The claim of the plaintiff that he was without fault, and was without contributory negligence, is not equivalent to the claim that he had no knowledge of the defects in the defendant’s machine, or the operation thereof, set forth in the petition. If he either had knowledge of such defects, or by ordinary care and prudence could have known of such defects, then he cannot recover in any event.”
Assuming that that is a correct proposition of law, it is claimed on the part of the defendant in error that the court charged that in substanec. We find among the requests to charge for the defendant below, his first and second requests, which were given by the court to the jury; the first one reads as follows:
“If the jury find from the evidence that the plaintiff, Martin Zilch, at or shortly prior to the time of receiving his injuries complained of herein, had knowledge of the defects in the defendant’s machinery, or the operation thereof, relied upon by him herein, then he cannot recover. And this would be so whether the defendant, The Cleveland Axle Manufacturing Company, was guilty of negligence on its part, or not. ”
Second — ■“ If the jury find from the evidence that the plaintiff, Martin Zilch, at or shortly prior to the time of receiving his injuries complained of herein, had no knowledge of the defects in the defendant’s machinery, or the operation thereof, relied upon by him herein, but by the exercise of ordinary care and prudence o.n his part, could have had knowledge of such defects, then he cannot recover. And this would be so whether the defendant was guilty of negligence on its part, or not.”
Take those two items of the charge in connection with the fact that at the request of the defendant below, these questions were. put to the jury, and answered by them:
First Question' — “Did the plaintiff, Martin Zilch, at or *583 shortly prior to the time of receiving his injury, have knowledge of the defects in the defendant’s machinery, or the operation thereof, set forth in the petition, and relied on herein?” Answer — “No.”
Second Question — “If the plaintiff, Martin Zilch, hadjno knowledge of the defects in the defendant’s machinery, at or shortly prior to the time of receiving his injury, could he, by the exercise of ordinary care and prudence, have known of the defects in said machinery, or the operation thereof, set out in the petition, and relied on herein?” Answer — “No.”
We think that in' the first and second items of the requests by the defendant, and in the questions that were propounded to the jury, the question of Zilch’s knowledge, or the question of his duty to know, were clearly stated to the jury. And they were stated to the jury as strongly in favor of the defendant below, as the defendant had any right to have them stated; and to have given this eighth request in charge to the jury would have simply been a repitition of what had already been given to the jury.
In the ninth request the defendant asks the court to charge the jury that:
“The.defendant was not required to furnish the best or most perfect machinery, but only such machinery as persons of ordinary care and prudence, in the exercise of the same, would have furnished under like circumstances.”
Now, the pleadings and the evidence here show that there really was no claim that this machinery, if it had been in good repair, would have been defective, or an insufficient machine.
But assuming that it made a proper case to have the charge made to the jury as to what was due from the defendant as to the furnishing of machinery, let us look at the law as given to the jury by the court below in other parts of the charge. They say:
“The defendant was bound to exercise reasonable care to *584 prevent accidents to its workmen; it was bound to furnish suitable machinery and see that it was properly protected, and kept in good repair. It was not only bound in the first instance to use reasonable care in the selection of machinery and appliances, but also to exercise reasonable and proper care and watchfulness to see that it was kept in proper condition; because, however perfect it may have been when bought, it is liable, froin ordinary wear and use, to get out of repair. And such care and watchfulness is due to guard against defects that may arise from use, as the nature of the business and the risks incident to it, demand. The master’s duty is reasonable care in providing suitable machinery and . appliances, and also reasonable care in keeping it in repair. In this case if you should find by a preponderance of the proof, that the defendant failed to exercise reasonable care, either in providing suitable machinery, or keeping it in repair, and that by reason of said want of reasonable care upon the part of the defendant, the plaintiff sustained the injury complained of in the petition, or either of them, you should, in that event, return a verdict for the defendant, provided he did not contribute, by his own lack of care,” and so on.
Day» Lynch & Day, Judge Thayer, fox Plaintiff in Error.
Harter & Kreighbaum, for Defendant in Error.
Now, we think that was stating fairly to the jury, the duty of the defendant in exercising reasonable care to furnish suitable machinery.
We find that there are no errors in the record, and the judgment of the court below is affirmed.